# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. 5:24-cv-00001** |
| Plaintiff, | **STIPULATED ORDER FOR** |
| v. | **PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |
| FLOATME CORP., a corporation, | |
| JOSHUA SANCHEZ, individually and as an officer of FLOATME CORP., and | |
| RYAN CLEARY, individually and as an officer of FLOATME CORP., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), and 57b.  Defendants have waived service of the summons and the Complaint.  The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.       This Court has jurisdiction over this matter.

2.       The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, ROSCA, 15 U.S.C. § 8404, and ECOA, 15 U.S.C. §§ 1691-1691f, by offering their mobile application over the Internet

using a negative option feature and failing to disclose material transaction terms before obtaining consumers' billing information, charging consumers without consent, failing to provide a simple method for consumers to cancel their monthly subscription, and discriminating against applicants who receive public assistance benefits.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

4.      Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.      "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C.      "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such

as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.     "**Defendants**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

    1.     "**Corporate Defendant**" means FloatMe Corp., d/b/a "FloatMe," and its successors and assigns.

    2.     "**Individual Defendants**" means Joshua Sanchez and Ryan Cleary.

E.     "**Negative Option Feature**" means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

F.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

**ORDER**

**I.     CLAIMS PROHIBITION**

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.     Misrepresenting, expressly or by implication:

    1.     The amount of funds that will be available to a consumer;

    2.     When funds will be available to a consumer;

3.      Any fees, including for delivery;

4.      Consumers' ability to cancel, or obtain a refund for any charges;

5.      That any automated, algorithmic, artificial intelligence, or machine learning process is used to determine the amount of funds available to consumers or for any other purpose; or

6.      Any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.      Making any representation, expressly or by implication, regarding the amount of funds available to a consumer, when funds will be available to a consumer, and the timing or cost of disbursement unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true.

## II.      PROHIBITION AGAINST MISREPRESENTATIONS IN NEGATIVE OPTION PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.      Any cost to the consumer to purchase, receive, use, or return the initial good or service;

B.      That the consumer will not be Charged for any good or service;

5

C.      That a good or service is offered on a "free," "trial," "sample," "bonus," "gift," "no obligation," or "discounted" basis, or words of similar import, denoting or implying the absence of an obligation on the part of the recipient of the offer to affirmatively act in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless the consumer takes affirmative steps to prevent or stop such a Charge;

D.      That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

E.      Any purpose for which the consumer's Billing Information will be used;

F.      The date by which the consumer will incur any obligation or be Charged unless the consumer takes an affirmative action on the Negative Option Feature;

G.      That a transaction has been authorized by the consumer;

H.      Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; or

I.      Any other material fact.

### III.      REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.      Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation,

reduced, or discounted basis, without disclosing Clearly and Conspicuously, and immediately adjacent to, any such representation:

      1.     The extent to which the consumer must take any affirmative action to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

      2.     The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

      3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.     Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to where a consumer provides Billing Information:

      1.     The extent to which the consumer must take affirmative action to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

      2.     The total cost (or range of costs) the consumer will be Charged, the date the initial Charge will be submitted for payment, and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges;

      3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges;

4.      The name of the seller or provider of the good or service and, if the name of the seller or provider will not appear on billing statements, the billing descriptor that will appear on such statements;

5.      A description of the good or service;

6.      Any Charge or cost for which the consumer is responsible in connection with the cancellation of an order, any service or the return of any good;

7.      The simple cancellation mechanism to stop any recurring Charges, as required by this Order.

C.      Failing to send the consumer:

1.      Immediately after the consumer's submission of an online order, written confirmation of the transaction by email.  The email must Clearly and Conspicuously disclose all the information required by Subsection B, and contain a subject line reading "Order Confirmation" along with the name of the good or service, and no additional information; or

2.      Within 2 days after receipt of the consumer's order by mail or telephone, a written confirmation of the transaction, either by email or first class mail.  The email or letter must Clearly and Conspicuously disclose all the information required by Subsection B.  The subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with the name of the good or service, and nothing else.  The outside of the envelope must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and no additional information other than the consumer's address, the Defendant's return address, and postage.

### IV.      OBTAINING EXPRESS INFORMED CONSENT FOR A NEGATIVE OPTION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from using Billing Information to obtain payment from a consumer, unless Defendants first obtain the express informed consent of the consumer to do so. To obtain express informed consent, Defendants must:

A.     For all written offers (including over the Internet, such as through a web-based application), obtain consent through a check box, signature, or other substantially similar method, which the consumer must affirmatively select or sign to accept the Negative Option Feature, and no other portion of the offer.  Defendants shall disclose Clearly and Conspicuously, and immediately adjacent to such check box, signature, or substantially similar method of affirmative consent, only the following, with no additional information:

1.     The extent to which the consumer must take affirmative action to avoid any Charges:  (a) for the offered good or service, (b) of an increased amount after the trial or promotional period ends, and (c) on a recurring basis;

2.     The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.     For all oral offers, prior to obtaining any Billing Information from the consumer:

1.      Clearly and Conspicuously disclose the information contained in Subsection B of the Section titled Required Disclosures Relating To Negative Option Feature (Section III); and

2.      Obtain affirmative unambiguous express oral confirmation that the consumer:  a) consents to being Charged for any good or service, including providing, at a minimum, the last 4 digits of the consumer's account number to be Charged, b) understands that the transaction includes a Negative Option Feature, and c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

C.      For transactions conducted through Telemarketing, Defendants shall maintain for 3 years from the date of each transaction an unedited voice recording of the entire transaction, including the prescribed statements set out in Subsection B of this Section.  Each recording must be retrievable by date and by the consumer's name, telephone number, or Billing Information, and must be provided upon request to the consumer, the consumer's bank, or any law enforcement entity.

## V.      SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.      Failing to provide a simple mechanism for the consumer to:  (1) avoid being Charged, or Charged an increased amount, for a good or service and (2) immediately stop any recurring Charge.  Such mechanism must:

1.     be easy to find;

2.     be easy to use to stop such Charge;

3.     not require the consumer to take any action that is objectively unnecessary to cancel, including using a user interface that has the effect of impeding consumers' expression of preference, manipulating consumers into taking certain action, or otherwise subverting consumers' choice.

B.     If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or a mobile phone application, failing to provide the mechanism through the same website, email address or other application.

C.     If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer or acceptance, failing to provide such mechanisms through the use of a telephone number and a postal address.

## VI.     PROHIBITION AGAINST UNLAWFUL DISCRIMINATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, or offering for sale of any good or service, are permanently restrained and enjoined from:

A.     Discriminating against any consumer:

1.     On the basis of race, color, religion, national origin, sex or marital status, or age (provided the consumer has the capacity to contract);

2.     Because all or part of the consumer's income derives from any public assistance program; or

11

3.     Because the consumer has in good faith exercised any right under the

Consumer Credit Protection Act, §§ 1601-1693r, a copy of which is attached; or

B.      Failing to comply with the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-

1691f, and Regulation B, 12 C.F.R. § 1002.2(l), a copy of which is attached (ECOA).

## VII.  FAIR LENDING PROGRAM

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and

employees, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order, whether acting directly or indirectly, shall not participate in the

extension, renewal, or continuation of credit, including cash advances, unless they establish and

implement, and thereafter maintain, a fair lending program ("Fair Lending Program") that

safeguards against discrimination against credit applicants on a basis prohibited by this Order or

by law.  To satisfy this requirement, Defendants must, at a minimum:

A.  Designate a single senior manager qualified in fair lending compliance as the fair

lending compliance officer responsible for the Fair Lending Program;

B.  Ensure all employees, before engaging in the extension, renewal, or continuation of

credit, and at least once every twelve (12) months, receive training from an

independent qualified person or organization on the Fair Lending Program, the

requirements of the ECOA, and Defendants' obligations under the ECOA, and sign

an acknowledgement that states that the employee: (1) completed the training, (2) had

the opportunity to have questions about his or her legal responsibilities answered, and

(3) understands his or her legal responsibilities not to discriminate under the federal

fair lending laws;

C. Implement and maintain written policies and procedures under which applicants whose income derives from any public assistance program may qualify for cash advances, assuming they meet all other, nondiscriminatory qualifying requirements.

D. Implement and maintain written policies and procedures that prohibit employees from discouraging an applicant from seeking a cash advance due to any prohibited basis, including:

    a. On the basis of race, color, religion, national origin, sex or marital status, or age (provided the consumer has the capacity to contract);

    b. Because all or part of the consumer's income derives from any public assistance program; or

    c. Because the consumer has in good faith exercised any right under the Consumer Credit Protection Act, §§ 1601-1693r.

E. Promptly take disciplinary action, up to and including termination of employees engaged in discriminatory conduct or conduct that violates the Fair Lending Program or any term of Sections I through VII of this Order; and

F. For 10 years after entry of this Order, within 14 days of receiving, whether directly or indirectly, such as through a third party, a complaint of discrimination against Defendants or any Defendants' officers, agents, or employees, related to the promotion, advertising, marketing, or operation of cash advance or other lending products, submit a copy, along with any response, to the Commission pursuant to the Section titled "Compliance Reporting."

Provided, however, that nothing in this Order shall be construed as permitting any conduct that overtly, in treatment, or in effect discriminates against consumers on the basis of

13

race, color, national origin, or any other protected characteristic or violates the ECOA or any other law.

## VIII.  JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Three Million Dollars ($3,000,000) is entered in favor of the Commission against Individual Defendants and Corporate Defendant, jointly and severally, as monetary relief.

B.      Defendants are ordered to pay to the Commission  Three Million Dollars ($3,000,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IX.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendants acknowledge that their Taxpayer Identification Numbers (Social

14

Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## X.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## XI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

15

A.      Each Defendant within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that

Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 15 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *U.S. v. FloatMe.*, FTC Matter No. 2323010.

### XIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate

Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

      A.      accounting records showing the revenues from all goods or services sold;

      B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

      C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

      D.      records of any market, behavioral, or psychological research, or user or customer testing performed by or at the direction of Defendants, including any A/B or multivariate testing, copy testing, surveys, focus groups, customer interviews, clickstream analysis, eye or mouse tracking studies, heat maps, or session replays or recordings;

      E.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

      F.      a copy of each unique advertisement or other marketing material.

### XIV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

      A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery,

without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**SO ORDERED this** 22nd **day of** January_____, 2024__ .

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

20

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

_______________________________ Date: 12/29/2023

ANGEL E. REYES
JAMES I. DOTY
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone: (202) 326-2872 (Reyes)
Facsimile: (202) 326-3768
areyes@ftc.gov
jdoty@ftc.gov

**DEFENDANTS:**

_______________________________
CHRISTOPHER NAPIER
SHELBY SCHWARTZ
MITCHELL SANDLER LLC
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5266
cnapier@mitchellsandler.com
COUNSEL for Defendants

Joshua Sanchez (Nov 17, 2023 16:47 CST)
_______________________________
JOSHUA SANCHEZ, AS AN OFFICER OF FLOATME CORP.

Joshua Sanchez (Nov 17, 2023 16:47 CST)
_______________________________
JOSHUA SANCHEZ

_______________________________
RYAN CLEARY

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**


Date: 12/29/2023

ANGEL E. REYES
JAMES I. DOTY
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone:  (202) 326-2872 (Reyes)
Facsimile:  (202) 326-3768
areyes@ftc.gov
jdoty@ftc.gov


**DEFENDANTS:**


CHRISTOPHER NAPIER
SHELBY SCHWARTZ
MITCHELL SANDLER LLC
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5266
cnapier@mitchellsandler.com
COUNSEL for Defendants


JOSHUA SANCHEZ, AS AN OFFICER
OF FLOATME CORP.


JOSHUA SANCHEZ


RYAN CLEARY

21